UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| EH KEH LAH JOHN and KATHRYN ELIZABETH STALLARD,<br><br>Plaintiffs,<br><br>V.<br><br>BENNETT MOTOR EXPRESS, LLC and COREY W. MCCARRON,<br><br>Defendants. | CIVIL ACTION NO. 5:25-cv-58-KKC<br><br><br>**OPINION & ORDER** |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on the Defendants' motion for partial dismissal. (DE 14.) For the following reasons, the motion is granted.

This case arises from a car accident that occurred on January 27, 2024, on I-75 in Kentucky. The Plaintiffs filed suit in this Court alleging negligence, negligence per se, and bad faith claims. (DE 1 at 7–16.) The Defendants now move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the bad faith claims.

The Plaintiffs bad faith claims are brought pursuant to the Kentucky Unfair Claims Settlement Practices Act ("UCSPA"). The Defendants argue that they cannot be liable for the bad faith claims because the UCSPA only applies to "entities engaged in the business of insurance" and the complaint fails to allege that they are such entities. (DE 14 at 3.)

The Defendants filed their motion on July 7, 2025. Under Local Rule 7.1(c), the Plaintiffs had until July 28, 2025, to file a response in opposition. That time has expired, and the Plaintiffs have not filed a response or requested an extension. Accordingly, the Defendants' motion is unopposed. *See* LR 7.1(c) ("Failure to timely respond to a motion may be grounds for granting the motion."). This alone could be sufficient to grant the motion.

1

Notwithstanding, the Court ultimately finds that the Plaintiffs fail to state a plausible claim for relief under the UCSPA. The Defendants correctly observe that only "entities engaged in the business of insurance" can be held liable under the UCSPA. *See Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 94 (Ky. 2000) ("We conclude that both the statute and the common law tort apply only to persons or entities engaged in the business of insurance."). And they also correctly observe that the complaint fails to allege that either of the Defendants are "persons or entities engaged in the business of insurance." *Id*. As such, the Court finds that the complaint fails to state enough facts to state a plausible claim to relief under the UCSPA. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Based on the foregoing, the Court hereby ORDERS that the Defendants' motion for partial dismissal (DE 14) is GRANTED. Counts VII and VIII of the Complaint are dismissed.

This 5th day of September, 2025.

*signature: Karen K. Caldwell*

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY